**STATE of Missouri, Respondent,**

v.

**William Earl WHITE, Appellant.**

**No. 58502.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 7, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 29, 1992.

Brad B. Baker, Columbia, for appellant.

William L. Webster, Atty. Gen., Robin H. Grissom, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

A jury convicted defendant, William Earl White, of Count I robbery in the first degree, § 569.020 RSMo 1986, and Count II armed criminal action, § 571.015 RSMo 1986. The court sentenced defendant as a prior offender to consecutive terms of imprisonment of fifteen years on Count I and five years on Count II. Defendant's Rule 29.15 motion for post conviction relief was denied after an evidentiary hearing. We have consolidated defendant's appeals in the two cases pursuant to Rule 29.15(l).

On appeal defendant raised two issues both relating to his arrest in Illinois and resulting in his conviction for burglary of the Nellyville facility of the Mercantile Bank of Poplar Bluff, Missouri. First, defendant alleges the trial court plainly erred in overruling his motion to suppress physical evidence and admitting the evidence at

trial because the arresting Illinois officers did not have a valid arrest or search warrant and exigent circumstances did not exist to justify the warrantless, non-consensual entry of a motel room he occupied in Illinois. Alternatively, defendant alleges if admission of evidence seized at the arrest was not plain error, then the Rule 29.15 motion court erred in denying relief because trial counsel was ineffective for failing to object at trial to the introduction of the evidence because it was seized at the time of the illegal arrest and for failing to preserve the issue for appeal.

The decisive facts are a sheriff and deputy of Butler County, Missouri, contacted the Cairo Police Department and told the Illinois officers there was an outstanding Missouri misdemeanor arrest warrant for defendant stemming from a bad check charge and defendant was a suspect in a bank robbery. The Missouri officers did not have the warrant in their possession but they did have the number of the warrant. The Illinois officers relying on Illinois law and information about a valid, outstanding Missouri warrant arrested defendant at a motel in Cairo, Illinois.

Defendant's points on appeal and argument in the brief are based on the false premise that the Illinois officers made a warrantless arrest. He does not contest the validity of the Missouri misdemeanor arrest warrant which the Illinois police were relying upon when they arrested defendant. The information from Missouri authorities identified the warrant by its number.

 We apply the law in the state where defendant was arrested in determining whether an arrest is legal. *State v. Dulany*, 781 S.W.2d 52, 57 (Mo. banc 1989). An Illinois peace officer may arrest a person when he has reasonable grounds to believe that a warrant for the person's arrest has been issued in the State of Illinois or in another jurisdiction. Ill.Ann. Stat. ch. 38, para. 107–2(1)(b) (Smith–Hurd Supp.1991). Where information received by the Illinois officers from the Missouri officers truly reported a warrant had been issued, this was sufficient to give the offi-

cers probable cause to arrest defendant. *People v. Wolgemuth*, 69 Ill.2d 154, 13 Ill.Dec. 40, 43, 370 N.E.2d 1067, 1070 (1977), *cert. denied*, 436 U.S. 908, 98 S.Ct. 2243, 56 L.Ed.2d 408 (1978). *See also Dulany*, 781 S.W.2d at 57. Because the arrest was lawful, the articles seized were not excludable on the basis they were the fruits of an unlawful arrest. Admission of items seized in connection with the lawful arrest was not error, plain or preserved. Moreover, counsel was not ineffective for failing to make a meritless objection to preserve a meritless claim. *See State v. Six*, 805 S.W.2d 159, 171 (Mo. banc 1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 206, 116 L.Ed.2d 165 (1991).

Accordingly, the conviction and denial of post conviction relief are affirmed.

SMITH, P.J., and AHRENS, J., concur.